By the Court.
 

 The only records kept by the appellant during the audit period were the salesmen’s separately executed orders and a record of materials purchased by appellant.
 

 The appellant testified that semi-annual sales-tax returns were prepared by ascertaining from the salesmen’s order books the work which had been delivered to customers during the period, figuring the cost of material used in completing those orders and then computing the tax on the basis of the actual cost of material to the appellant or on the basis of the markup price. In preparing sales tax returns, no consideration was given to the amount of sales tax stated on the salesmen’s orders.
 

 Section 5546-1, General Code, reads in part:
 

 “ ‘Price’ shall not include the consideration received for labor or services used in * * * repairing the property sold if the consideration for such services is separately stated from the consideration received for
 
 *365
 
 the tangible personal property transferred in the retail sale.”
 

 Rule 73 of the Tax Commissioner, relating to repairmen, provides in part: “Where the charges for material and labor or service are not separately stated, the tax base for the application of the tax is the full amount charged with no deductions.” That rule provides also for computing the tax only on material, where charges for material and labor or services are separately stated.
 

 In
 
 Wilson, d. b. a. Nu-Tred Tire Co.,
 
 v.
 
 Glander, Tax Commr.,
 
 151 Ohio St., 479, 86 N. E. (2d), 761, involving a sales-tax assessment, this court held in the syllabus:
 

 “Where a person sells material to another and in connection therewith furnishes labor or service in applying such material to his customer’s property, the entire transaction shall be considered a sale and subject to tax, unless there is a clear separation, in the making or billing of a charge therefor, of the material furnished and the labor or service performed. ’ ’
 

 Counsel for appellant contend in this court that the right to orally contract, conferred by Section 8383, General Code, has been restricted by the interpretation given in this case to Section 5546-1, General Code.
 

 The sales tax law levies a tax on the transfer of tangible personal property and the oral or written form of the contract is unimportant to the validity of the transfer. If a repairman separately states labor or services they shall not be included in the “price” predicating the tax, but if a repairman does not so separately state them they shall be included in the determination of the tax.
 

 The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and is, therefore, affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Turner, JJ., concur.