Hart, J.
The sole question presented is whether, under the provisions of Sections 5546-1 and 5546-3, General Code, a sales tax should be determined by the total amount of the charge for upholstery repairs where customers were billed lump sum amounts without a breakdown between services rendered and materials used, although such a breakdown for each transaction was completely reflected upon the books and records of the vendor repairman.
Section 5546-1, General Code, defines the terms used in the subsequent sections of the Sales Tax Act. The pertinent parts of the section are as follows:
“ ‘Price’ means the aggregate value in money of any thing or things paid or delivered, or promised to be paid or delivered by a consumer to a vendor in the consummation and complete performance of a retail sale without any deduction therefrom on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid, or allowed after the sale is consummated, or any other ex *249 pense whatsoever. ‘Price’ shall not include the consideration received for labor or services used in installing, applying, remodeling or repairing the property sold if the consideration for such services is separately stated from the consideration received for the tangible personal property transferred in the retail sale. ‘Price’ shall be deemed to be the amount received exclusive of the tax hereby imposed provided the vendor shall establish to the satisfaction of the Tax Commissioner that the tax was added to the price.”
It is clear that the “price” upon which the sales tax shall be computed includes compensation for services performed in installing, applying, remodeling or repairing the property sold as well as materials used, unless in the retail price the consideration for such services is separately stated from the consideration received for the tangible personal property transferred. The crucial problem then is, how or in what manner shall the consideration for services be “separately stated” so as to entitle the vendor to an exception from the sales tax predicated thereon?
The Tax Commissioner contends and the Board of Tax Appeals (one member dissenting) held that such separation must appear on the invoice covering the charge, which invoice must be submitted to the vendee. To support this position reliance is placed on the holdings of this court in the cases of Wilson, d. b. a. Nu-Tred Tire Co., v. Glander, Tax Commr., 151 Ohio St., 479, 86 N. E. (2d), 761, and Rose, d. b. a. Carroll Upholstering Co., v. Glander, Tax Commr., 153 Ohio St., 363, 91 N. E. (2d), 685.
In the first named of those cases this court held:
“Where a person sells material to another and in connection therewith furnishes labor or service in applying such material to his customer’s property, the entire transaction shall be considered a sale and subject to tax, unless there is a clear separation, in the *250 making or billing of a charge therefor, of the material furnished and the labor or service performed. ’ ’
In the opinion in that case, Judge Stewart said:
“We do not mean to hold that there must be any particular or scientific method of bookkeeping or invoicing to show a separation of material from labor or service performed, in order for a transaction to be exempt from the sales tax so far as the labor or service is concerned, but we hold that the separation must be such as to clearly show in the invoice or charge what the sale price is for the material and what the charge is for labor or service.”
It must be observed that in that case the court and the writer of the opinion were dealing with a case where no books were kept showing separate charges, the only record of the transaction being an invoice upon which no separate charges were made. In the instant case, the vendor made a complete separation of the charges for labor and materials on his books so as to reflect all the information required for the commissioner to determine and assess the tax.
In the second of the cases above named, the facts are stated as follows:
“The appellant was engaged primarily in repairing and reupholstering furniture upon a cash basis. Salesmen in soliciting orders showed customers samples of upholstering or other material, estimated the cost of material required and filled out order blanks which were usually signed by the customers. Salesmen were instructed to inform customers of the amount of material or its price, the labor necessary and the tax payable. No invoices, bills or other statements were issued to customers. The executed order blanks each contained the" name and address of the customer, a description of the material to be used and the work to be done, the date of delivery and, in the upper right hand corner, ‘Amt.,’ ‘Tax,’ ‘Total,’ ‘Dep.’ and ‘Bal.’ *251 in boxed spaces. There was no separation of labor and material on the executed order blanks. Deliveries of all repaired or reupholstered furniture were C. O. D. and sales tax stamps were given to the customers at the time of deliveries.” (Italics supplied.)
In that case, after stating the above facts, this court in a per curiam opinion said: “If a repairman separately states labor or services they shall not be included in the ‘price’ predicating the tax, but if a repairman does not so separately state them they shall be included in the determination of the tax.”
A careful examination of the Sales Tax Act, Sections 5546-1 to 5546-24c, inclusive, General Code, discloses that nowhere in the act is it stipulated how or in what manner the consideration for services and that for materials shall be “separatély stated” to except the former as a predicate for the tax. This fact suggests an inquiry as to the purpose of the statutory requirement for separation for tax purposes. Is it for the benefit of the vendee by way of an invoice for his purchase, or is it to enable the Tax Commissioner to determine and assess the tax against the vendor? There is no indication in the act that the requirement concerns the vendee, as he has no obligation to compute, or make a return of the tax to the state, and he is advised of its amount by the cancelled tax receipts which he receives from his vendor. Doubtless, a purchaser may demand an invoice for, as he may demand an inspection of, goods purchased before payment may be required. On the other hand, it is apparent that the purposes to be served in making the separation of charges are to enable the Tax Commissioner to determine and assess the tax and to enable the vendor to make his tax return to the state and claim his exception by keeping copies of his invoices or by keeping books of account reflecting the breakdown of the charges. And it is quite apparent that such a break *252 down on the books of the vendor would be just as efficacious for the purpose and more permanent in form than the retention of invoices as and when made.
This purpose as here expressed is reflected by other provisions of the Sales Tax Act. For instance, it is clear that the passing of an invoice from vendor to purchaser is not contemplated in cash transactions. Section 5546-3, General Code, provides in part as follows :
“* * * p. gkaji ]30 ¿uty of each vendor to collect from the consumer the full and exact amount of the tax payable in respect of each taxable sale, and to evidence the payment of the tax in each case by cancelling prepaid tax receipts, equal in face value to the amount thereof, in the manner and at the times provided in this section, to wit:
“(a) If the price is, at or prior to the delivery of possession of the thing sold to the consumer, paid in currency passed from hand to hand by the consumer or his agent to the vendor or his agent, the vendor or his agent shall:
“1. Collect the tax with and at the same time as the price.
‘ ‘ 2. Immediately cancel in the presence of the buyer by immediately tearing into two parts a prepaid tax receipt or receipts of the proper face value, deliver one part of each such cancelled prepaid tax receipt to the consumer or his agent, and retain the other part thereof.
“(b) If the price is otherwise paid * * *, the vendor or his agent shall, at or prior to the delivery of possession of the thing sold to the consumer, cancel or cause to be cancelled by tearing into two parts prepaid tax receipts * * (Italics supplied.)
Section 5546-125, General Code, a part of the Sales Tax Act, provides that a vendor shall make, semiannually, a full and complete tax return showing the re *253 ceipts from taxable sales, tbe amount of tbe tax due from the vendor to the state for the period covered by the return, the amount of the tax collected by the vendor and such other information as the Tax Commissioner may deem necessary for the proper administration of Sections 5546-1 to 5546~24c, both inclusive, General Code.
As to preparing and making such return and establishing its correctness Section 5546-12, General Code, provides:
‘ ‘ Each vendor shall keep complete and accurate records of sales of taxable property, together with a record of the tax collected thereon, which shall in every instance be the amount due-under the provisions of this act, and shall keep all invoices, bills of lading, retained parts of cancelled prepaid tax. receipts and such other pertinent documents, in such form as the commission may by regulation require. Such records and other documents shall be open at any time, during business hours, to the inspection of the commission * *
This court concludes that, within the purview of the Ohio Sales Tax Act taken as a whole, the appellant in making a breakdown of and separately stating on his books the charges for services and materials to his customers in the repair of upholstery sufficiently complied with the act to enable him to have excepted as a predicate for the sales tax the charge for services in such upholstery repair transactions.
The decision of the Board of Tax Appeals is reversed and the Tax Commissioner is directed to revise the sales tax assessed against the appellant in accordance with this opinion.

Decision reversed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft and Matthias, JJ., concur.