■ In the Matter of NOAR TRUCKING COMPANY, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was incorporated in New York on February 1, 1980, and its sole business is the transportation and delivery of beer sold to retail establishments by its sister corporation, Arnmart Wholesale Beer Distributors, Inc. (hereinafter Arnmart). Arnmart previously performed its own deliveries by means of a fleet of trucks owned by it. Petitioner was formed to insulate Arnmart from liability for any vehicular accidents which might occur during the course of distribution opera-

tions, and it was contemplated that Arnmart's trucks would be conveyed to petitioner in return for the issuance of shares of capital stock to Arnmart's shareholders. However, in order to avoid duplicate payment of registration fees, it was determined that the entire fleet would not be initially conveyed to petitioner, but that title to each individual truck in the fleet would be transferred when and as its existing registration expired. As a result, trucks having an aggregate value of some $14,000 were transferred from Arnmart to petitioner between February 1, 1980 and November 30, 1980, the end of petitioner's fiscal year, and trucks worth some $120,000 were transferred during the succeeding fiscal year ending November 30, 1981.

Following an audit, the Department of Taxation and Finance determined that the transfers of trucks in 1980 were each exempt from sales tax as a "transfer of property to a corporation upon its organization in consideration for the issuance of its stock" (Tax Law § 1101 [b] [4] [iii] [D]; *see also,* 20 NYCRR 526.6 [d] [5]). The auditor, however, disallowed any exemption for the subsequent transfers of trucks in 1981 and assessed a sales tax at the respective rates in effect in the counties where the trucks were garaged. Use taxes were also assessed against petitioner on sales from 2 of its suppliers of goods or services when the invoices of the suppliers produced by petitioner revealed that they did not separately state the sales tax, if any, charged, although the invoices of 1 of such suppliers stated that the sales tax was included in the total price. An additional use tax was assessed on certain fixed asset acquisitions when petitioner was also unable to substantiate that a sales tax had been paid. Petitioner now seeks judicial review of respondent's determination sustaining the foregoing assessments.

As to the taxability of the transfers of trucks from Arnmart in 1981, petitioner's principal contention is that, since the testimony of its managing officer was uncontradicted that no corporate stock was actually issued and no organizational meeting was held until the completion of transfer of title to all of the trucks in the fleet in 1981, organization of the corporation was still in progress at the time of the transfers. Hence, petitioner argues, the transfers were exempt from sales tax under Tax Law § 1101 (b) (4) (iii) (D). We disagree. Petitioner's Federal corporate income tax returns for the period from incorporation to November 30, 1980 revealed not only that some trucks were conveyed in 1980, but also showed the existence of outstanding capital stock with a book value of

$10,000 and gross receipts of over $18,000 and salaries and wages of $4,800. Respondent could, therefore, reasonably infer that petitioner actually commenced business operations with the initially conveyed equipment upon or shortly after it began its corporate existence at incorporation in 1980 (see, Business Corporation Law § 403).

The applicable regulation provides that "[o]nly transfers made at the time of the commencement of the corporate business, or within a reasonable time thereafter, while the corporation is still in the process of organizing its business, are eligible for the exclusion" (20 NYCRR 526.6 [d] [5] [ii]). The regulation is not inconsistent with the exemption set forth in the statute. Exclusion from the sales tax does not apply to all transfers of property in exchange for corporate stock, but only those "upon its organization" (Tax Law § 1101 [b] [4] [iii] [D]). Thus, subsequent transfers are not exempt. In promulgating the regulation, respondent could rationally interpret the statutory phrase, "upon its organization", functionally and practically, roughly equating that event with a corporation is commencement of business upon incorporation, and thereby limit the sales tax exclusion to those initial transfers made contemporaneously with such inception of business activity or "within a reasonable time thereafter" (20 NYCRR 526.6 [d] [5] [ii]). Petitioner has not carried its burden to show that the regulation is irrational or inconsistent with the statute (see, Matter of Blue Spruce Farms v New York Tax Commn., 99 AD2d 867, affd 64 NY2d 682).

Here, respondent could properly find that petitioner began doing business as early as February 1, 1980. As already noted, there was also evidence of the existence of capital stock with a book value equivalent to contributions made that year. Respondent could look to the economic realities of petitioner's 1980 activities and transactions (see, Matter of National Elevator Indus. v New York State Tax Commn., 49 NY2d 538, 548), and rationally conclude that the 1981 transfers, some 10 to 21 months thereafter, were too late for entitlement to the corporate organizational exemption, despite the fact that petitioner chose to defer going through the technical formalities of physically issuing stock certificates and holding an organizational meeting until after the transfer of all trucks had been completed.

The assessment of the use tax on the suppliers' invoices was also proper. The statute requires the sales tax to be separately stated thereon (Tax Law § 1132 [a]). A statement on an invoice that the gross price is "tax included" is insufficient to satisfy

this requirement, and the entire amount charged is deemed to be the sales price of the articles sold (20 NYCRR 532.1 [b] [3]). Petitioner failed to sustain its burden to show that a sales tax was paid on those purchases of goods and services *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 195).

Petitioner's brief omits any reference to the additional use tax assessment on certain fixed asset acquisitions. Therefore, the determination should be upheld in all respects.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.