954 A.2d 945 (2008)
Angela M. WASHINGTON, Petitioner,
v.
DISTRICT OF COLUMBIA DEPARTMENT OF PUBLIC WORKS, Respondent.
No. 06-AA-315.
District of Columbia Court of Appeals.
Argued June 19, 2008.
Decided July 24, 2008.
Angela M. Washington, pro se.
David A. Hyden, Assistant Attorney General for the District of Columbia, with whom Peter J. Nickles, Interim Attorney General, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for respondent.
*946 Before FARRELL, Associate Judge, Retired,[*] and NEBEKER and SCHWELB, Senior Judges.
SCHWELB, Senior Judge:
The District of Columbia Department of Public Works (DPW) instituted this proceeding against Angela M. Washington under the Litter Control Act, D.C.Code §§ 8-801 et seq. (2001). The DPW alleged that tall grass and weeds on a lot owned by Ms. Washington constituted a "nuisance" and a violation of 24 DCMR § 1002.1 (1996), which prohibits, inter alia, the deposit of "weeds," "vegetable matter," or "any other solid waste refuse" on a vacant lot in the District of Columbia. The DPW requested that Ms. Washington be fined $300.
Following an evidentiary hearing, an Administrative Law Judge (ALJ) of the Office of Administrative Hearings (OAH) found that "there was no solid waste on or around the lot as charged in the [citation]." On the contrary, according to the ALJ, "the evidence showed only that naturally occurring and planted vegetation in the form of dried wild flowers was on the vacant lot." Accordingly, the ALJ concluded that there was no violation of Section 1002.1, and she dismissed the substantive charge against Ms. Washington.
That, in most instances, would be that, but the ALJ stated that D.C.Code §§ 8-804(f) and -807(c)(1) required that a penalty "equal to the proposed fine" be imposed if a respondent fails to answer a citation within the statutory deadline. That deadline is fourteen calendar days, see D.C.Code § 8-804(f), but five additional days are added if the citation is served by mail. See 1 DCMR § 2811.5 (2004). The DPW claimed, and the ALJ found, that the citation was served by certified mail and by posting on July 28, 2005; that Ms. Washington's response was due no later than August 16, 2005; and that the response was therefore ten days out of time. The ALJ rejected Ms. Washington's assertion that the date of service was August 11, 2005, the day on which she picked up the notice. The ALJ wrote that Ms. Washington's explanation was not "compelling enough to warrant a suspension or reduction of the penalty," and she imposed a late penalty of $300. Ms. Washington asserts, and the District does not deny, that a lien was subsequently placed on the property in the amount of $300.
Ms. Washington has filed a petition for review in this court. She contends (1) that the DPW failed to prove its allegation that her response was untimely; (2) that she was denied the opportunity to present evidence with respect to the issue of timeliness; and (3) that the statute, reasonably construed, does not authorize a civil fine for a late response where the underlying substantive violation has not been established.[1] We agree with Ms. Washington's third contention, and we therefore need not and do not reach her other claims.

I.
The statutory scheme on which the civil fine in this case was based is somewhat complex. The "lateness" penalty is addressed in three separate provisions: Sections 8-804, 8-805, and 8-807. To discern the legislative intent, we must consider all three of these sections together. Section 8-804 is titled "Response to notice of violation." Section 8-804(a) provides *947 that a person to whom a notice of violation has been issued may
(1) admit the violation
(2) admit the violation, but with an explanation, or
(3) deny the violation.
Section 8-804(e) requires that "[a] person admitting the violation with explanation or a person denying the violation shall schedule a hearing within 14 calendar days after the date the Mayor issued the notice." Section 8-804(f) then provides as follows:
If a person to whom a notice of violation has been issued fails to respond to the notice within 14 calendar days after the date the notice was issued, then the person shall be liable for a penalty equal to the civil fine plus the costs of abating the nuisance or of preventing the violation from recurring as provided in § 8-807(c)(2) and (d).

(Emphasis added.)
Although this provision is not entirely clear on the connection, if any, between an untimely response and a substantive violation, it defines the lateness penalty as something that is imposed together with the costs of abating the nuisance or of preventing a recurrence. The structure of the provision appears to assume or, at least, it can reasonably be read as assuming, that a substantive littering violation has been established and that the civil fine for lateness is one part of the sanction.
Section 8-805 is titled "Hearing." Section 8-805(c) provides in pertinent part:

In the case of a person who is found liable for a violation, the hearing examiner may order the respondent to do any or all of the following:
(1) To abate the nuisance;
(2) To pay the civil fine established or stated in § 8-807(b) and (c).
(Emphasis added.) This provision, too, can reasonably be read as requiring, or at least assuming, a finding of a substantive littering violation before a civil fine may be imposed.
Section 8-807 is titled "Penalties for violations." Section 8-807(a) authorizes the Mayor to "impose any or all sanctions stated in this section." Section 8-807(b) directs the Mayor and the Council of the District of Columbia to prepare and approve a schedule of fines for violating the statute. Section 8-807(c) provides, in pertinent part:
In addition to the civil fine permitted under subsection (b) of this section, the following penalties may be imposed:
(1) In the case of a person receiving a notice of violation who fails to answer the notice within the time specified by § 8-804(f), a penalty equal to the amount of the civil fine . . . .
(Emphasis added.) The italicized language could perhaps be read as referring to the amount of the authorized civil fine. However the word "authorized" is not used, and "a penalty equal to the amount of the civil fine" may reasonably be construed as referring to a civil fine previously imposed for the substantive violation.
According to the District, "[i]t is clear from the plain language of the statute that it permits the ALJ to impose the penalty for the procedural failing even if the fine for the substantive violation is dismissed." In other words, in the District's view, the fine for an untimely response is an independent, free-wheeling sanction that applies equally to respondents (like Ms. Washington) who have been exonerated of any substantive violation and to those who have been found guilty of littering as prohibited by the Act. We cannot say that the District's reading is altogether implausible, especially in light of Section 8-807(a) which authorizes the Mayor to impose "any and all" of the penalties enumerated. *948 Nevertheless, the evident association in all three of the cited provisions which deal directly with the issue  Sections 8-804(f), 8-805(c), and 8-807(c)  between the lateness penalty and a substantive violation persuades us that the District's interpretation should not be adopted. Our view is reinforced by the fact that the notion of a fine for an untimely pleading, which may be imposed, the District apparently assumes, without any showing of prejudice,[2] is at least unfamiliar and perhaps unique.

II.
The proper construction of a statute raises a question of law, and our review is de novo. In re Doe, 855 A.2d 1100, 1102 (D.C.2004); Jackson v. United States, 819 A.2d 963, 965 (D.C.2003) (citation omitted). "[I]t is emphatically the province and duty of the judicial department to say what the law is. . . ." Harris v. District of Columbia Office of Worker's Comp., 660 A.2d 404, 407 (D.C.1995) (quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803)); see also United Parcel Serv. v. District of Columbia Dep't Employment Servs., 834 A.2d 868, 871 (D.C.2003). Although we accord appropriate weight to the interpretation of a statute by the agency which is charged with its enforcement, and which therefore ordinarily has specialized expertise, see Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); United Parcel Serv., 834 A.2d at 871, the OAH is vested with the responsibility for deciding administrative appeals involving a substantial number of different agencies. For this reason, it does not have the kind of subject matter expertise with respect to the Litter Control Act that would warrant deference on our part when we interpret the statute.
The penalty imposed on Ms. Washington is civil rather than criminal in nature. Nevertheless, we are dealing here with a penal statute. The leading commentary states:
The prime object of every law that is strictly penal is to enforce obedience to the mandates of the law by punishing those who disregard them. If there is some sanction in the statute to compel obedience beyond mere redress to an individual for injuries received, the statute is penal.
3 NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 59.1, at 116 (6th ed.2001) (citations omitted). Moreover, "[i]t is an ancient rule of statutory construction that penal statutes should be strictly construed against the government or parties seeking to enforce statutory penalties and in favor of the persons on whom penalties are sought to be imposed." Id. § 59.2, at 125-26. See generally, Lisa K. Sachs, Strict Construction of the Rule of Lenity in the Interpretation of Environmental Crimes, 5 N.Y.U. ENVTL. L.J. 600 (1996); People v. Mobil Oil Corp., 143 Cal.App.3d 261, 192 Cal.Rptr. 155, 164 (1983) (rule of lenity applies to administrative proceedings for civil penalties "even when the underlying action is civil in nature"); In re Woodrow Wilson Constr. Co., 563 So.2d 385, 389-91 (La.Ct.App.1990) (regulation imposing civil penalties for violation of air quality is penal and must be strictly construed). To be sure, the "rule of lenity" is "a secondary canon of construction, and is to be invoked only where the statutory language, structure, purpose and history[3] leave the intent *949 of the legislation in genuine doubt." Holloway v. United States, 951 A.2d 59 (D.C. 2008) (quoting Cullen v. United States, 886 A.2d 870, 874 (D.C.2005)). However, after all of these primary guides to the meaning of a criminal or penal statute have been taken into account and ambiguity remains, that ambiguity should be resolved in favor of the defendant. Cf. 3 SUTHERLAND § 59.3, at 126-31(footnotes omitted).
In this case, there is, at least, a substantial question regarding the correctness of the construction urged upon us by the District. Because the "lateness penalty" may reasonably be construed as applicable only in cases in which the respondent has violated a substantive provision of the Litter Control Act, we conclude that the imposition of the civil fine against Ms. Washington was not in accordance with the law.

III.
For the foregoing reasons, the decision of the OAH is reversed and the civil fine is vacated. The DPW shall release forthwith any lien based on the fine.
So ordered.
NOTES
[*] Judge Farrell was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on July 1, 2008.
[1] Ms. Washington also asserts that the lien was prematurely filed.
[2] We recognize, however, that a belated response may require additional paper work on the part of the agency.
[3] The parties have not cited to us anything from the legislative history of the Litter Control Act that bears on the "lateness penalty," and our independent research has likewise disclosed nothing helpful in this regard.