McLEESE, Associate Judge,
concurring’ in part and dissenting in part:
I agree with the court that the online travel companies (OTCs) are subject to sales tax in the District of Columbia, and I join Parts I through IV of the court’s opinion. I respectfully dissent, however, from the court’s holding in Part V of the opinion that the OTCs are not liable for sales tax based on the full amount the OTCs charged purchasers.
*646 I.
Under the applicable provisions, vendors are required to pay a tax based on their gross sales receipts. D.C.Code § 47-2002(a) (2012 Repl.). To the extent possible, vendors must obtain reimbursement for that tax from purchasers. D.C.Code § 47-2003(a) (2012 Repl.). Gross receipts are defined in terms of sales price, and the sales price does not include tax-reimbursement amounts “paid by the purchaser to the vendor under this chapter [i.e., the chapter applicable to gross sales tax].” D.C.Code §§ 47-2001(h), -2001(p)(2)(D) (2012 Repl.). Vendors are required to charge purchasers separately for the tax reimbursement, and that charge must be separately stated on any receipt at the time of sale. D.C.Code § 47-2009 (2012 Repl.). By long-standing regulation, “[t]he amount of reimbursement of taxes paid by the purchaser to the vendor under the Act shall not be subject to the tax if the reimbursement amount is stated separately from the sales price.” 9 DCMR § 408.2 (2015).
The OTCs did not comply with the statutory requirement that vendors separately charge purchasers for tax reimbursement, instead imposing a single charge that referred to taxes and fees without indicating the exact amount of either. The District of Columbia contends that the OTCs therefore did not obtain proper tax reimbursement and thus are liable for sales tax based on the entire amount the OTCs charged purchasers. In my view, the District’s interpretation of the applicable provisions is reasonable and entitled to deference from this court. See, e.cj., Auer v. Robbins, 519 U.S. 452, 461-62, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (agency’s interpretation of its own regulations is controlling unless “plainly erroneous or inconsistent with the regulation”; although agency’s interpretation was advanced in legal brief, that did not undermine deference, where there was “no reason to suspect that the interpretation does not reflect the agency’s fair and considered judgment on the matter in question”) (internal quotation marks omitted); District of Columbia Dep’t of Env’t v. East Capitol Exxon, 64 A.3d 878, 880-81 (D.C.2013) (“It is well established that this court affords deference to an agency’s interpretation of the statute and regulations it is charged by the legislature to administer, unless its interpretation is unreasonable or is inconsistent with the statutory language or purpose. This deference stems from the agency’s presumed expertise in construing the statute it administers. When, as here, the construction of an administrative regulation rather than a statute is in issue, deference is even more clearly in order.”) (citations and internal quotation marks omitted).
The court does not explicitly address whether the District’s interpretation of the applicable statutory provisions is entitled to deference or whether 9 DCMR § 408.2 should be upheld as long as the regulation reflects a reasonable interpretation of the applicable statutory provisions. The court does conclude, however, that the District’s interpretation of § 408.2 is not entitled to deference, because that interpretation was not advanced at the outset of this litigation and is presented in a brief filed in this court by the Office of the Solicitor General. The Supreme Court has explained, however, that “Auer ordinarily calls for deference to an agency’s interpretation of its own ambiguous regulation, even when that interpretation is advanced in a legal brief....” Christopher v. SmithKline Beecham Corp., — U.S. —, 132 S.Ct. 2156, 2159, 183 L.Ed.2d 153 (2012). The District relied on the regulation in summary-judgment pleadings filed by the Office of the Attorney General, and I see no reason to doubt that the Office of the *647 Attorney General and the Office of the Solicitor General are fairly presenting the agency’s interpretation of § 408.2.
In granting summary judgment in December 2012, the trial court ruled that the District waived this argument in a discovery response filed in February 2012. In opposing summary judgment in May 2012, however, the District clarified that it in fact was seeking to recover sales tax based on the full amount the OTCs charged purchasers, without any reduction for purported tax reimbursement. In the absence of any finding that the OTCs were prejudiced, I would not treat the argument as irretrievably lost based on a statement in a discovery response that was clarified before the trial court ruled on the summary-judgment motion. Cf., e.g., Brooks v. United States, 993 A.2d 1090, 1095 (D.C.2010) (when exercising discretion in considering whether to grant request to withdraw prior waiver or stipulation, trial court may consider “various factors, including the stage of the proceedings, the importance of the testimony, inconvenience to the court, and prejudice to the [opposing party]”); Marshall v. District of Columbia, 391 A.2d 1374, 1378-79 (D.C.1978) (trial court did not abuse discretion in permitting District to withdraw prior admission by default, given absence of prejudice to opposing party); Schrier v. Home Indem. Co., 273 A.2d 248, 251 (D.C.1971) (reversing where trial court treated ambiguous language in stipulation as waiving defense).
On the merits, I agree with the District that 9 DCMR § 408.2 is better understood to mean that, unless the amount of tax reimbursement is stated separately from the sales price, vendors are not entitled to a reduction in tax based on a claim that some of the price to the purchaser was actually tax reimbursement. Two distinct canons of construction support this understanding of § 408.2. The first canon is “expressio unius est exclusio alterius, which embodies the common-sense principle that when a legislature makes express mention of one thing, the exclusion of others is implied.” Odeniran v. Hanley Wood, LLC, 985 A.2d 421, 427 (D.C.2009) (internal quotation marks omitted). By expressly identifying only one circumstance in which vendors are entitled to a reduction for tax reimbursement, § 408.2 naturally tends to imply that vendors otherwise are not entitled to a reduction. “Although the expressio unius maxim must be applied with a considerable measure of caution, it is useful where the context shows that the draft[ers’] mention of one thing does really necessarily, or at least reasonably, imply the preclusion of alternatives.” Id. (citation, ellipses, and internal quotation marks omitted). This seems to me such a case, particularly because, as the court acknowledges, a contrary reading of § 408.2 contradicts the “cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.” Virginia v. Maryland, 540 U.S. 56, 74, 124 S.Ct. 598, 157 L.Ed.2d 461 (2003) (internal quotation marks omitted). See, e.g., Consumer Action Network v. Tielman, 49 A.3d 1208, 1213 (D.C.2012) (“A basic principle is that each provision of the regulation should be construed so as to give effect to all of the regulation’s provisions, not rendering any provision superfluous.”) (brackets and internal quotation marks omitted). The applicable statutes already provide that vendors are entitled to a reduction for separately stated tax reimbursement. D.C.Code §§ 47-2001(h), - 2001(p)(2)(D), -2009. Interpreting § 408.2 as simply reiterating that point renders the regulation entirely superfluous.
*648 Moreover, if 9 DCMR § 408.2 imposes no limits on the ability of vendors to obtain a reduction for tax reimbursement, then the words “if the reimbursement amount is stated separately from the sales price” are entirely superfluous relative to the rest of the regulation, because the rest of the regulation already provides generally that vendors are entitled to a reduction for tax reimbursement. Under the court’s view, therefore, the pertinent language in § 408.2 is doubly pointless. In comparable circumstances, other courts have interpreted the word “if’ to be mandatory rather than permissive. See, e.g., United States v. Leichtnam, 948 F.2d 370, 373 (7th Cir.1991) (under statute permitting officers to enter house to execute search warrant if officers are refused admittance after announcing authority and purpose, “the word £if in the statute means ‘only if ”); Perkinelmer, Inc. v. Interna Ltd., Civ. Act. Nos. 09cv10176-NG, etc., 2010 WL 2682423, *11-12 (D.Mass. July 2, 2010) (holding that, in context of patent claim at issue, “if’ means “only if’), aff'd in part and rev’d in part, 496 Fed.Appx. 65 (Fed.Cir.2012); see generally Regal Fin. Co. v. Tex Star Motors, Inc., 355 S.W.3d 595, 600 (Tex.2010) (“The word ‘if can hold different meanings in different contexts. It ordinarily describes a non-mandatory condition. The clearest expression of a mandatory condition is to say ‘only if. In some contexts, where only one option exists to satisfy the condition, ‘if can present a mandatory condition without being preceded by the word ‘only’.”) (footnotes omitted); Northcutt v. McAllister, 297 Mo. 475, 249 S.W. 398, 400 (1923) (“ ‘If may be a small word, but all know its meaning, and instead of a more formal phrase it is used in common language to express condition or limitation_”) (internal quotation marks omitted).
The court concludes, however, that the foregoing considerations are inadequate, because interpreting 9 DCMR § 408.2 to impose a limitation “would cut against the thrust of ... § 408 as a whole,” which the court describes as adding to the statutory list of exceptions to “sales price.” The principal difficulty with that conclusion is that § 408.2 is outside that thrust in any event, because even under the court’s interpretation § 408.2 does not add to the statutory list of exceptions but instead pointlessly reiterates one statutory exception. Moreover, even if § 408.2 did point in a direction different from the other parts of § 408, that consideration would, in my view, be outweighed by the contrary considerations I have previously noted. In sum, § 408.2 provides for a reduction for tax reimbursement if the amount of tax reimbursement is separately stated. I do not think that that provision can reasonably be interpreted to permit such a reduction even if the amount of tax reimbursement is not separately stated.
I also would conclude that, so construed, 9 DCMR § 408.2 is a reasonable interpretation of the applicable statutory provisions. Those provisions authorize a reduction for tax reimbursement and require that tax reimbursement be separately stated, but do not speak explicitly to what should happen if a vendor does not separately state the amount of tax reimbursement. D.C.Code §§ 47-2001(h), - 2001(p)(2)(D), -2009. In essence, § 408.2 reflects the view that part of the purchaser’s payment to the vendor can be treated as tax reimbursement by the purchaser only to the extent that it is documented at the time of the-sale that the parties to the sale understood that a specified amount of the purchaser’s payment was tax reimbursement rather than sales price.. Both as a matter of ordinary language and as a matter of policy, that seems to me a natural and reasonable approach to determining what portion of a purchaser’s payment *649 is deemed to be tax reimbursement. With respect to ordinary language, it seems awkward to describe the OTCs’ customers as having “reimburse[d]” the OTCs for the amount of the tax due, because the customers had no way of knowing what portion, if any, of their payment was treated by the OTCs as such reimbursement. Cf, e.g., Bilyeu v. State ex rel. Wyo. Workers’ Safety & Comp. Div., 287 P.3d 773, 774-77 (Wyo.2012) (refusing to treat employer’s per diem payment to employee as “reimburse[ment] for travel expenses,” where representative of employer testified that payment was not reimbursement and there was “no evidence that anyone told [the employee] ... what the payment was for”).
With respect to policy, the District persuasively argues that the separate-statement requirement serves important purposes, including ensuring that both parties to a sale understand the amount of sales tax involved, which can determine other tax obligations of the parties. See, e.g., D.C.Code § 47-2205 (purchaser liable for unreimbursed tax) (2012 Repl.); 26 C.F.R. § 1.164-5 (2015) (permitting federal tax deduction for state sales tax if amount of sales tax is separately stated). As interpreted by the District, the applicable provisions provide a salutary incentive to comply with the separate-statement requirement. Unsurprisingly, a number of other jurisdictions take the same substantive approach, refusing to permit vendors to reduce their tax based on purported tax reimbursement that was not separately stated at the time of the transaction. See, e.g., Saco Indus. v. Illinois Dep’t of Revenue, 301 Ill.App.3d 191, 234 Ill.Dec. 358, 702 N.E.2d 1012, 1014-15 (1998) (imposing tax based on full amount of purchasers’ payments, because vendor failed to separately state tax at time of transaction); Noar Trucking, Inc. v. State Tax Comm’n, 139 A.D.2d 869, 527 N.Y.S.2d 597, 599 (1988) (same, where vendor failed to separately state tax amount, instead simply stating that gross price included tax); Rose v. Glander, 153 Ohio St. 363, 91 N.E.2d 685, 685-86 (1950) (per curiam) (if sales taxes separately stated, they are not included in sales price, “but if the [vendor] does not so separately state them they shall be included in the determination of the tax”). This jurisdiction takes the same substantive approach with respect to transportation charges, which by statute can be excluded from sales price for tax purposes only if separately stated. D.C.Code § 47-2001(p)(2)(E). I recognize, as the court points out, that the presence of express language in the latter provision but not D.C.Code § 47-2001(p)(2)(D) arguably provides some support for the OTCs’ position. But I view that consideration as outweighed by the others I have mentioned, particularly given our obligation to defer to the District’s interpretation of the relevant provisions as long as that interpretation is reasonable.
Finally, even assuming that the doctrine of substantial compliance is applicable in the present context, I do not view the OTCs’ failure to provide any indication of the amount of reimbursement as constituting substantial compliance with the OTCs’ statutory obligations. Nor do I view the imposition of a tax on the full amount of the customers’ payments as an impermissible penalty.
In sum, I would hold that the OTCs are liable for tax based on the full amount of their customers’ payments, without reduction for purported tax reimbursement. I therefore respectfully dissent from the holding of Part V of the court’s opinion affirming the contrary ruling of the trial court.