# District of Columbia
# Court of Appeals

No. 15-AA-495

MICHELE A. YATES,

Petitioner,

v.



DOES-496-15

UNITED STATES DEPARTMENT OF THE TREASURY,

Respondent,

On Petition for Review of an Order of the
District of Columbia Office of Administrative Hearings

BEFORE: FISHER and EASTERLY, *Associate Judges*; and FERREN, *Senior Judge*.

## JUDGMENT

This case was submitted to the court on the transcript of record and the briefs, and without presentation of oral argument. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the decision of the Office of Administrative Hearings ("OAH") is vacated, and the matter is remanded for further proceedings not inconsistent with this opinion.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: November 23, 2016.

Opinion by Associate Judge John R. Fisher.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-AA-495

MICHELE A. YATES, PETITIONER,

v.

UNITED STATES DEPARTMENT OF THE TREASURY, RESPONDENT.

Petition for Review of an Order
of the United States Department of the Treasury
(DOES-496-15)

(Submitted November 3, 2016                    Decided November 23, 2016)

*Michele A. Yates*, pro se.

*Channing D. Phillips*, United States Attorney, and *R. Craig Lawrence* and *Jane M. Lyons*, Assistant United States Attorneys, were on the brief for appellee.

Before FISHER and EASTERLY, *Associate Judges*, and FERREN, *Senior Judge*.

FISHER, *Associate Judge*: Petitioner Michele Yates asks us to review an order of the District of Columbia Office of Administrative Hearings ("OAH") which disqualified her from receiving unemployment compensation benefits. She argues (1) that the OAH incorrectly found that it did not have jurisdiction to consider her appeal, and (2) that she did not commit an act of gross misconduct

that would disqualify her from receiving unemployment compensation benefits. We remand to the OAH for further consideration in light of this opinion.

## I.     Background

Until her termination, Petitioner worked as an attorney with the Internal Revenue Service ("IRS"). She represented the government before the United States Tax Court, including in cases involving penalties for failure to pay taxes and failure to file tax returns. In 2011 her supervisors became aware that Petitioner had filed her 2006 and 2008 tax returns late, and it appeared that she had not filed her 2009 tax return at all.[1]

The IRS considered removing Petitioner, but it ultimately entered into a Last Chance Agreement with her on November 4, 2011. Petitioner agreed to acknowledge her past wrongdoing and agreed to a ten-day suspension. She also agreed to continue her employment on a "trial basis" until the IRS "receive[d] affirmative proof that her 2013 federal personal tax return period [sic] ha[d] been timely filed." The Agreement also required Petitioner to timely pay her taxes for

---

[1] Petitioner has disputed the claim that she did not file her 2009 return. In any event, that alleged failure was not one of the reasons that the IRS gave for discharging her.

each tax year from 2010 to 2013 and to notify her supervisors that she had filed those returns within five days of each filing. Petitioner agreed that a breach of either requirement would justify her removal.

In 2014 the IRS discovered that Petitioner had not paid all of the taxes she owed for 2013. Moreover, she had not notified her supervisors within five days that she had successfully filed the 2013 return—Petitioner notified her supervisors one day late. The IRS found that each violation breached her Last Chance Agreement, and it terminated Petitioner's employment. The IRS noted that either violation by itself would have constituted sufficient grounds for termination.

Petitioner applied for unemployment compensation benefits. A Claims Examiner for the District of Columbia Department of Employment Services ("DOES") denied Petitioner's application due to gross misconduct, citing Petitioner's "gross indifference to her tax obligations" despite her position as an IRS tax attorney. In its Notice of Appeal Rights, DOES informed Petitioner that she could appeal to the OAH within fifteen calendar days of the date on which DOES mailed the Examiner's decision to her. *See generally* D.C. Code § 51-111 (b) (2012 Repl.) (requiring a claimant to appeal the agency's decision within fifteen calendar days unless "excusable neglect or good cause" is shown).

The Notice of Appeal Rights further specified that Petitioner could file her appeal by mail, in person, by fax, or by email. In the section on fax filings, DOES noted that faxes received after 5:00 p.m. were considered to be filed the next business day. The section on email filings did not have a similar provision. Further, the Notice indicated that an appeal sent by mail would be timely if postmarked within the fifteen-day limit.

Petitioner emailed her request to appeal at 9:34 p.m. on February 25, 2015, exactly fifteen days after the Claims Examiner's decision had been mailed. She testified that she emailed the request at that time because she had been in Dallas, Texas, and did not return until February 25. OAH stamped her request for appeal as having been filed on February 26—one day late—presumably because Petitioner emailed it after business hours on February 25.

After an evidentiary hearing, an Administrative Law Judge ("ALJ") at OAH dismissed Petitioner's appeal as untimely. On the timeliness issue, the ALJ did not find Petitioner's testimony "credible" because OAH's website states that "[t]he filing date for an electronic filing received after OAH business hours will be the next day that the Clerk's Office is open for business." The website further notes

that business hours are from 9:00 a.m. to 5:00 p.m. Because Petitioner sent her email at 9:34 p.m.—after 5:00 p.m. on the last day that Petitioner could timely file—the ALJ concluded that Petitioner's appeal was untimely.

The ALJ addressed the gross misconduct issue in a footnote, stating: "Even if I were to find the appeal timely, based on the hearing record, I would conclude that Employer discharged Claimant for gross misconduct. In short, Claimant's misconduct went to the heart of her responsibilities as an IRS attorney— compliance."

## II.    Standard of Review

In order to be affirmed on appeal, "(1) the [OAH's] decision must state findings of fact on each material, contested factual issue; (2) those findings must be based on substantial evidence; and (3) the conclusions of law must flow rationally from the findings." *Washington Times v. District of Columbia Dep't of Emp't Servs.*, 724 A.2d 1212, 1216 (D.C. 1999). "We defer to OAH findings of fact so long as they are supported by substantial evidence." *Rodriguez v. Filene's Basement, Inc.*, 905 A.2d 177, 181 (D.C. 2006). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Gardner v. District of Columbia Dep't of Emp't Servs.*, 736 A.2d 1012, 1015 (D.C. 1999) (internal quotation marks and citation omitted).

We sustain OAH's legal conclusions unless they are "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Rodriguez*, 905 A.2d at 181 (alteration in original) (citation omitted). Whether the employee has committed gross misconduct is a legal conclusion that we review *de novo*. *Badawi v. Hawk One Sec., Inc.*, 21 A.3d 607, 613 (D.C. 2011).

### III. Analysis

### A. The Timeliness of Petitioner's Appeal to OAH

Petitioner argues that the ALJ erred in concluding that her administrative appeal was untimely. She asserts that the Notice of Appeal Rights is "not clear on its face" because the instructions did not state that the OAH would consider an email sent after business hours to have been filed the next day. She also argues that even if the filing of her appeal is considered to be untimely, she has established excusable neglect or good cause for the lack of timeliness.

The Notice of Appeal Rights was issued by DOES. In analyzing the timeliness issue, the ALJ seems to have relied almost exclusively on information from OAH's website, which states that an electronic filing received after business hours is considered to be filed the next business day. However, the Notice of Appeal Rights was silent on whether an email sent after business hours would be considered to have been filed the next day, even though the section regarding faxes explicitly stated as much. The Notice added further ambiguity by stating that submissions which had been mailed need only be postmarked within the fifteen-day period, which could lead to the interpretation that an email with a time stamp within the fifteen-day period would be timely. Further, the Notice did not appear to direct Petitioner to the OAH's website for additional requirements but merely noted, in a separate section, that the "Rules of Procedure for [OAH] may be found" at OAH's website.

We recognize that the Notice of Appeal Rights was not introduced as an exhibit at the evidentiary hearing, but it is a standard form attached to DOES determinations and Respondent does not dispute the accuracy of the copy proffered by Petitioner. Petitioner testified to its contents and noted the ambiguity regarding the section on email filings. The ALJ did not address these ambiguities, but

merely stated, without elaboration, that Petitioner "had failed to present credible evidence[.]"

Because the ALJ did not make adequate findings on the issue of ambiguity and use those findings to analyze the timeliness of Petitioner's appeal, we remand for fuller consideration. On remand, the ALJ should expressly consider whether the Notice of Appeal Rights was so ambiguous under *Calhoun v. Wackenhut Servs.*, 904 A.2d 343 (D.C. 2006), and *Wright-Taylor v. Howard Univ. Hosp.*, 974 A.2d 210 (D.C. 2009), that Petitioner should be deemed to have filed her appeal on time. If the ALJ still finds that Petitioner did not file in a timely manner, he should consider whether the ambiguity would permit a finding of "excusable neglect or good cause" for that failure.[2] *See, e.g.*, D.C. Code § 51-111 (b) (2012 Repl.); *Savage-Bey v. La Petite Acad.*, 50 A.3d 1055, 1061-63 (D.C. 2012).

Because we remand to the ALJ for further consideration of whether Petitioner timely filed her appeal, we need not reach Respondent's argument that the fifteen-day time period in D.C. Code § 51-111 (b) (2012 Repl.) is not

---

[2] The ALJ also found that Petitioner "misrepresented . . . her reasons for missing the deadline," but he does not elaborate on this comment. Without further explanation, we cannot say that this finding is based on "substantial evidence." *See Rodriguez*, 905 A.2d at 181.

jurisdictional. If the appeal was in fact timely or if excusable neglect or good cause existed, then the ALJ would be able to proceed to the merits without deciding whether the statutory time limit is jurisdictional. *See Savage-Bey*, 50 A.3d at 1060 n.3; *cf. Mathis v. District of Columbia Hous. Auth.*, 124 A.3d 1089, 1103 (D.C. 2015) (holding that the thirty-day time period in D.C. Court of Appeals Rule 15 (a)(2) is a claims-processing rule and not jurisdictional).

## B. Petitioner's Alleged Gross Misconduct

Petitioner also argues that she did not commit gross misconduct. Under D.C. Code § 51-110 (b)(1) (2012 Repl.), a claimant who is discharged for gross misconduct is disqualified from receiving unemployment compensation benefits until a waiting period has expired. Gross misconduct is defined as "an act which deliberately or willfully violates the employer's rules, deliberately or willfully threatens or violates the employer's interests, shows a repeated disregard for the employee's obligation to the employer, or disregards standards of behavior which an employer has a right to expect of its employee." 7 DCMR § 312.3 (2006). Petitioner claims that she did not deliberately or willfully violate her employer's rules. She argues that her termination was instead the result of "a contractual

dispute as to whether or not there had been a breach of the Last Chance Agreement[.]"

To the extent that he addressed this argument, the ALJ merely noted in a footnote that he "would conclude that Employer discharged [Petitioner] for gross misconduct" because Petitioner's "misconduct went to the heart of her responsibilities as an IRS attorney—compliance." The ALJ provided no other reasoning.

We have repeatedly held that we cannot affirm a determination of gross misconduct unless the ALJ makes explicit findings that the former employee acted deliberately or willfully. *See, e.g.*, *Savage-Bey*, 50 A.3d at 1064-65 (remanding because the record was "disputed" as to whether the petitioner had acted deliberately or willfully and the ALJ had not "ma[de] a credibility determination with respect to the testimony on the misconduct issue and did not otherwise weigh the evidence"); *Chase v. District of Columbia Dep't of Emp't Servs.*, 804 A.2d 1119, 1124 (D.C. 2002) (remanding so that the agency "may make a definitive finding regarding petitioner's mental state" given "the serious consequences that a finding of gross misconduct entails"); *Giles v. District of Columbia Dep't of Emp't Servs.*, 758 A.2d 522, 526-27 (D.C. 2000) (remanding to the agency because an

Appeals Examiner did "not explicitly find that [petitioner's] actions were willful and deliberate" and the agency's subsequent review "contain[ed] no independent analysis"); *see also District of Columbia Dep't of Mental Health v. Hayes*, 6 A.3d 255, 258 (D.C. 2010) ("[T]he general rule is that if an agency 'fails to make a finding on a material, contested issue of fact, this court cannot fill the gap by making its own determination from the record, but must remand the case for findings on that issue.'" (quoting *Morris v. EPA*, 975 A.2d 176, 181 (D.C. 2009))). Here, the ALJ did not make any findings as to whether Petitioner acted deliberately or willfully.

If the OAH determines on remand that it does have jurisdiction of Petitioner's appeal, it should more fully address the gross misconduct issue, making explicit findings regarding whether Petitioner acted deliberately or willfully when she failed to pay all of her taxes in 2013 and when she failed to timely notify her employer that she had filed her 2013 return. We note that the ALJ may consider only these two alleged instances of misconduct—and not Petitioner's allegedly late or missing filings in 2006, 2008, and 2009—because the failures to pay all of her taxes in 2013 and to timely notify her employer of the 2013 filing were the two reasons that the IRS gave for discharging Petitioner. *See, e.g.*, *Odeniran v. Hanley Wood, LLC*, 985 A.2d 421, 425 (D.C. 2009) ("[A] finding

of misconduct must be based fundamentally on the reasons specified by the employer for the discharge." (quoting *Chase*, 804 A.2d at 1123)).  In addition, if the ALJ chooses to rely in whole or in part on the late notification of the 2013 filing, he should explain why an internal notification to an employer goes "to the heart" of Petitioner's job duties to enforce the tax laws.

## IV.   Conclusion

We vacate the decision of OAH and remand for further proceedings not inconsistent with this opinion.