*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

## Nos. 14-AA-1023 and 14-AA-1024

VIZION ONE, INCORPORATED, PETITIONER,

v.

DISTRICT OF COLUMBIA
DEPARTMENT OF HEALTH CARE FINANCE, RESPONDENT.

On Petitions for Review of Decisions of the
District of Columbia Office of Administrative Hearings
(DHCF-147-14 and DHCF-191-14)

(Argued January 17, 2017                    Decided October 5, 2017)

*Donald M. Temple* for petitioner.

*Stacy L. Anderson*, Senior Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, were on the brief, for respondent.

Before THOMPSON and EASTERLY, *Associate Judges*, and REID, *Senior Judge*.

REID, *Senior Judge*: In these consolidated appeals petitioner, Vizion One, Incorporated ("Vizion One"), challenges decisions of an Administrative Law Judge ("ALJ") of the Office of Administrative Hearings ("OAH"). The decisions concerned actions taken against Vizion One by respondent, D.C. Department of

Health Care Finance ("DHCF"). The first decision (Appeal No. 14-AA-1023) involved DHCF's suspension of Medicaid payments to Vizion One based on a "credible allegation of fraud"; Vizion One appealed that decision to OAH but the ALJ dismissed the appeal on the ground that it was untimely. The second decision (Appeal No. 14-AA-1024) concerned DHCF's "termination for convenience" of Vizion One's Medicaid Provider Agreement. The ALJ (1) rejected Vizion One's arguments that DHCF had terminated the provider agreement in bad faith and had violated Vizion One's due process rights, and (2) granted DHCF's cross-motion for summary adjudication and dismissed the case with prejudice. For the reasons stated below we affirm OAH's decision in Appeal No. 14-AA-1024, but we vacate OAH's decision dismissing Appeal No. 14-AA-1023 and remand that case to OAH for further proceedings, including an evidentiary hearing, on the merits of Vizion One's appeal.

### PART ONE: APPEAL NO. 14-AA-1023: DHCF'S TEMPORARY SUSPENSION OF VIZION ONE'S MEDICAID PAYMENTS

### I. FACTUAL SUMMARY

**A. DHCF's Letter of February 20, 2014, Vizion One's Response, and DHCF's Reply of March 26, 2014**

The record reveals the following. On February 21, 2014, DHCF hand delivered a letter, dated February 20, 2014, to Vizion One. The letter stated that DHCF "was informed that the owner, operator, or employee(s) of Vizion One [] ha[d] been arrested for health care fraud," and that this information constituted "a credible allegation of fraud for which an investigation is pending under the Medicaid program."[1]  Hence, under 42 C.F.R. § 455.23 (a), DHCF was "withholding all Medicaid payments due to [Vizion One] as a provider of home health services under the District [of Columbia's] Medicaid program."[2]  The payments were suspended, effective February 20, 2014. DHCF stated that "[i]n

---

[1] It was later revealed that two Vizion One employees had been arrested and indicted. One allegedly had coached Medicaid beneficiaries how to falsely qualify for personal care services that Medicaid reimbursed, and both employees allegedly had paid Medicaid beneficiaries to sign timesheets, or to allow their names to be signed even though no personal care services had been provided to these Medicaid beneficiaries.

[2] 42 C.F.R. § 455.23 (a)(1) (2012) provides:

> (a) Basis for suspension. (1) The State Medicaid agency must suspend all Medicaid payments to a provider after the agency determines there is a credible allegation of fraud for which an investigation is pending under the Medicaid program against an individual or entity unless the agency has good cause to not suspend payments or to suspend payment only in part.

addition to [its] right to request administrative review by DHCF, [Vizion One] ha[d] the right to appeal [the suspension] decision by filing a written request with [OAH] . . . . for a hearing before an [ALJ] within fifteen (15) calendar days of receipt of this notice."[3] The letter makes no mention of a "good cause" determination under 42 C.F.R. § 455.23 (a)(1) (2012).

At the time when Vizion One was notified that its Medicaid payments were suspended, it operated a multimillion dollar business with 1100-1200 clients, and over 1,000 personal care aides, nurses, and other staff. The federal regulation under which DHCF suspended payment to Vizion One specified that (1) "[t]he State Medicaid agency must suspend all Medicaid payments to a provider after the agency determines there is a credible allegation of fraud . . . unless the agency has good cause to not suspend payments or to suspend payment only in part[,]" (42 C.F.R. § 455.23 (a)(1)); (2) "[a] provider may request, and must be granted

---

[3] 42 C.F.R. § 455.23 (a)(3) and (b)(2)(vi) specify:

> (a). . . (3) A provider may request, and must be granted, administrative review where State law so requires.

> (b). . . (2) The notice must include or address all of the following: . . . (vi) Set forth the applicable State administrative appeals process and corresponding citations to State law.

administrative review where State [including the District of Columbia] law so requires[,]" § 455.23 (a)(3); and (3) the notice of suspension must "[s]et forth the applicable State administrative appeals process and corresponding citations to State law[,]" § 455.23 (b)(2)(vi). While the letter informed Vizion One that it had the right to request an administrative review "within five (5) days of th[e] notice" and "the right to appeal this decision by filing a written request with the District of Columbia Office of Administrative Hearings" "within fifteen (15) calendar days of receipt of this notice, it was silent as to the District's "good cause" determination, the appeals process, and contained no citations to District law regarding the appeals process.

Vizion One timely invoked its right to an administrative review by submitting a written letter by email to DHCF on February 25, 2014. The letter asserted Vizion One's difficulty in preparing a response because DHCF had "seized" "virtually [Vizion One's] entire set of records." Vizion One declared that "no owner or management employee . . . ha[d] been arrested for, or charged with, health care fraud[,]" but that "one or more lower level former or current employees ha[d] been charged with colluding with several patients to defraud the Medicaid program, and [] [they] were arrested." The rest of the response set forth Vizion

One's arguments and evidence for lifting the suspension, based on the "good cause" exception in 42 C.F.R. § 455.23 (a)(1), including the negative impact on Vizion One's ability to service its 1100 to 1200 clients and meet its $900,000 per week payroll.

About one month later, DHCF sent Vizion One another letter, dated March 26, 2014, responding to Vizion One's "letter dated February 25, 2014[,] regarding DHCF's decision to suspend Medicaid payments to Vizion One[]." DHCF addressed the letter to attorneys at Vizion One's first law firm; a "certificate of mailing" appears to be postmarked March 31, 2014. The March 26 letter stated that "an employee of Vizion One []" had been arrested and indicted on charges of "conspiracy to commit health care fraud in a scheme to defraud DC Medicaid out of more than $124,000," and that the indictment and seizure of Vizion One's records was "sufficient to meet the CFR standard for a credible allegation of fraud." The letter further stated: "We have reviewed your response to our notice of suspension of payments to Vizion One, Inc. and we have considered the good cause exception and whether to suspend payment in part and our position has not changed." DHCF declared that Vizion One's suspension would continue "until further notice." The letter advised Vizion One of its "right to request an appeal of

[DCHF's] decision by filing a written request within fifteen days of this notice with [OAH]." The letter again contained no citations to District law regarding the appeals process.

**B. Vizion One's Appeal to OAH**

In response to the March 26, 2014, letter, the attorney representing Vizion One at the time sent a letter on April 10, 2014, to DHCF appealing the temporary suspension. The certificate of service attached to the attorney's letter indicates it was sent by mail to DHCF. A five-page fax (including cover, the attorney's letter, and a copy of DHCF's March 26, 2014, letter) was sent to OAH, also on April 10; the fax contained a time stamp of 5:19 p.m. An email stating, in part, that "[a] fax has arrived," was sent from a dcnet.efax1@dc.gov address to OAH at 6:29 p.m. on April 10, 2014. OAH stamped the email as received on April 11, 2014, at 9:05 a.m.

On Friday May 30, 2014, Vizion One electronically filed a Motion for Summary Adjudication. The motion challenged the District's temporary suspension of Vizion One's Medicaid payments and its failure to find "good

cause" for only a partial suspension of payments. Vizion One further alleged that DHCF failed "to properly implement and enforce federal laws and to adequately safeguard [Vizion One's] rights," and that "DHCF should have determined that good cause existed upon which to impose a partial, rather than complete, suspension of payments."

Subsequently, at a status hearing before the ALJ on June 2, 2014, DHCF announced its intent to file a motion to dismiss on the ground that the appeal in 14-AA-1023 was untimely. Vizion One's current counsel raised a question as to the calculation of the fifteen-day period for filing an appeal. He stated, "I think that, as a premise, the 15-day period is likely [calculated] from the time the notice is received, rather than the time it was transmitted." He further asserted that "counsel [for DHCF] ha[d] not augmented on the record that [the] notice was received by [Vizion One's first] counsel . . . on the 26th [of March]." He asked that the record be clarified. Counsel for Vizion One remarked that "three days are generally added to the notice period of time." The ALJ responded saying, "[c]ertificate of service of a pleading, or order, establishes a deadline for response and [if] it's delivered by mail, . . . five days are added to the deadline for response." The ALJ suggested a hearing and counsel for Vizion One requested a hearing. On June 2,

2014, the ALJ issued an order scheduling an evidentiary hearing on June 23, 2014, and instructing the parties to "be prepared at that time to present all evidence and argument they have regarding the issues in this case." In a subsequent order, dated June 18, 2014, the ALJ scheduled additional hearing dates on June 24 and 30, 2014, again instructing the parties that they "shall be prepared at that time to present all evidence and argument they have regarding the issues in this case."

In its June 16, 2014, response to Vizion One's motion (styled as consolidated cross-motion for summary adjudication and opposition to petitioner's motion for summary adjudication), DHCF claimed that Vizion One's appeal was time-barred; its appeal of the February 20, 2014, letter should have been filed no later than March 14, 2014; the March 26, 2014, letter constituted "unambiguous notice" of the time limit for filing the appeal; and the appeal was untimely because OAH did not receive it until 6:29 p.m. on April 10, 2014. Exhibit O to DHCF's response contained the certificate of mailing for the March 26 letter, apparently postmarked on March 31, 2014. In its reply (opposition and reply to respondent's cross-motion for summary adjudication and opposition to petitioner's motion for summary adjudication), sent on June 20, 2014, Vizion One argued that its appeal was "clearly timely filed." Specifically, Vizion One referenced DHCF's Exhibit O

and maintained that under OAH Rule 2812.5, it had twenty days, rather than fifteen from March 26, 2014, in which to file its OAH appeal.[4] The remainder of its reply addressed DHCF's arguments relating to its suspension of Medicaid payments and its rejection of the good cause exception as applicable to Vizion One's case.

### C. The OAH ALJ's Final Order

On the morning of the issuance of the ALJ's June 23, 2014, final order, the ALJ issued an order cancelling the scheduled evidentiary hearing; he explained that OAH lacked jurisdiction because Vizion One's hearing requests were untimely. Vizion One immediately (and prior to the issuance of the ALJ's final order) filed a motion for reconsideration of the ALJ's interim order canceling the hearing, reiterating that "the trigger date for [Vizion One's] fifteen (15) day

---

[4] OAH Rule 2812.5 provides:

> When a party may or must act within a specified time period after service, and service is made by United States mail, commercial carrier, or District of Columbia Government inter-agency mail, five (5) calendar days are added after the period would otherwise expire, unless a statute or regulation provides otherwise.

jurisdictional filing is the date that the mailing regarding the denial of the good cause exception was actually postmarked." That afternoon the ALJ released his final order in which he dismissed the case involving the suspension of Vizion One's Medicaid payments (Appeal No. 14-AA-1023) "for lack of jurisdiction"; the ALJ did not consider any other issues raised and discussed by the parties.

The ALJ acknowledged that "DHCF has not promulgated separate hearing regulations that apply to temporary suspension of Medicaid payments to Medicaid providers, under 42 C.F.R. § 455.23," and that DHCF's internal policy relating to suspension of payments in case of fraud "does not set forth any deadlines for providers to file a hearing request." However, the ALJ referenced "the provisions of several similar DHCF regulations addressing hearing procedures" – specifically 29 DCMR § 1303.4 pertaining to filing a notice of appeal relating to a notice of proposed exclusion or termination, that is, denial of reimbursement or termination of provider agreement (notice of appeal must be filed "within fifteen (15) days of the date of the notice of termination or exclusion"), and 29 DCMR § 1307.8 relating to filing a notice of appeal where there has been suspension of Medicaid payments due to overpayment ("provider has fifteen (15) days from date of the notice sent ... to request a hearing by filing a notice of appeal"). After referencing

these provisions, the ALJ concluded that "DHCF has met its burden to show that both the First Notice and the Second Notice contained unambiguous information about the action taken and the right to request a hearing," and that the February 20, 2014, notice "advised [Vizion One] that it must file its hearing request with OAH fifteen (15) days after [it] received the First Notice."

The ALJ further declared that the March 26, 2014, notice, which provided the results of the administrative review, "advised [Vizion One] that it must file its hearing request with OAH within fifteen days after the notice was issued." The ALJ cited OAH Rule 2809.5 (a) which specifies that "the filing date is the date on which the fax is received in the Clerk's office between the hours of 9:00 a.m. and 5:00 p.m." In response to Vizion One's argument relating to OAH Rule 2812.5, the ALJ declared that the rule was inapplicable to the February 20, 2014, notice because it was personally served (by hand), not by mail. Furthermore, the ALJ relied on the exclusionary clause at the end of OAH Rule 2812.5 ("unless a . . . regulation provides otherwise") in stating that the additional five days in the rule did not apply to the March 26, 2014, notice because "[b]oth the DHCF hearing regulations [cited above] and the [March 26, 2014,] [n]otice itself informed [Vizion One] that the hearing request must be filed within 15 days after the notice

was issued." The ALJ recognized that Vizion One had requested reconsideration of the ALJ's cancellation of a scheduled hearing and had "assert[ed] as fact that the [March 26, 2014,] notice was actually issued on March 31, 2014," but the ALJ declared that Vizion One "[did] not include any evidence to support the assertion." Thus, the ALJ dismissed the appeal as untimely.

### D. Vizion One's Request for Reconsideration

Vizion One lodged a motion for reconsideration on July 1, 2014, essentially taking issue with the ALJ's separation of the February 20, 2014, letter from that dated March 26, 2014, and the ALJ's conclusion that an appeal of the February 20 letter had to be filed by March 14, 2014. Vizion One also took issue with the ALJ's statement that Vizion One "proffered no evidentiary support regarding the March 26, 2014 letter's March 31, 2014 postmark." Specifically, Vizion One argued that DHCF's internal policy regarding suspension of Medicaid payments in cases of fraud, required the good cause exception to be made prior to the issuance of the notice of suspension, and hence, the letter dated March 26 triggered the time for filing an appeal with OAH. Moreover, Vizion One argued that the ALJ erred in his interpretation of 29 DCMR § 1307.8, which states that the "provider has fifteen

days from the date of the notice sent to request a hearing by filing a notice of appeal," and "[c]ontrary to [the ALJ's] ruling, [29 DCMR § 1307.8] do[es] not require this fifteen (15) day time frame to start running from the date that a letter is dated, or from the date of 'issuance.' . . . [but this time frame] runs from the date on which the notice was actually 'sent' or postmarked." (emphasis altered). Consequently, Vizion One maintains, DHCF's Exhibit O establishes that the March 26 letter was postmarked March 31, meaning that it was "sent" on March 31, and "Vizion One was thus required to have filed its notice of appeal by not later than April 15, 2014."

In its opposition to Vizion One's motion for reconsideration, DHCF supports the ALJ's final order dismissing Vizion One's appeal on jurisdictional grounds. DHCF further maintains that there is no constitutional or statutory right to appeal the results of DHCF's administrative review of a suspension of Medicaid payments based on fraud, and DHCF also faults Vizion One for raising new arguments, including those relating to the March 31 postmark.

## II. THE PARTIES' ARGUMENTS ON APPEAL

In its main brief, Vizion One raised and argued the following issue: "Whether Vizion One timely filed a Notice requesting a hearing related to the government's February 20, 2014[,] termination of their Medicaid Payments." Vizion One contends that "its hearing request was indeed timely, because the time period for [it] to appeal the DHCF's second notice began on March 31, 2014, the date stamped by the U.S. Post Office on the Certificate of Mailing, and *not* March 26, 2014, the date typed on the notice letter" (emphasis in original).

In response to Vizion One's appellate arguments, DHCF generally supports the ALJ's ruling and contends that Vizion One's appeal of both the February 20, 2014, and March 26, 2014, letters – regarding the suspension of Vizion One's Medicaid payments – was untimely because 29 DCMR §§ 1303.5 and 1307.8 required Vizion One to file its request for a hearing "within fifteen (15) days *of the date of the notice*," and "fifteen (15) days *from the date of the notice sent*," respectively. (emphasis in original). Since Vizion One did not challenge the ALJ's conclusion in its main appellate brief, DHCF asserts, "any such argument

should be deemed forfeited," and, at any rate, Vizion One's notice arguments – made during the administrative process – "lack merit."

Vizion One's reply brief emphasizes the lack of clarity as to the rules governing the timeline for filing a request for an OAH hearing – due in part to the absence of local regulations governing the suspension of Medicaid payments and due in part to other conflicting local regulations which the ALJ cited. Therefore, Vizion One argues, "the record reflects that the ALJ could not establish credible time frames," and "DHCF . . . acted in a *sua sponte* manner, violative of [Vizion One's] due process rights, contrary to the C.F.R. in determining good cause. . . ."

## III.   STANDARD OF REVIEW

This court reviews legal conclusions *de novo*. *See Yates v. United States Dep't of the Treasury*, 149 A.3d 248, 250 (D.C. 2016); *Bartholomew v. District of Columbia Office of Tax & Revenue*, 78 A.3d 309, 316 (D.C. 2013). "We sustain OAH's legal conclusions unless they are [a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Yates, supra*, 149 A.3d at 250 (internal citations omitted). Here, the ALJ concluded that OAH did not have

jurisdiction to address Vizion One's challenge to DHCF's suspension of its Medicaid payments because Vizion One's request for an OAH hearing was untimely. OAH's determination is a legal conclusion requiring *de novo* review.

## IV. APPLICABLE CASE LAW AND LEGAL PRINCIPLES

In *Gatewood v. District of Columbia Water & Sewer Auth.*, 82 A.3d 41 (D.C. 2013), this court "examine[d] the relationship between administrative-filing deadlines and jurisdictional limitations" and reiterated, in accordance with Supreme Court precedent, that "nonjurisdictional rules and deadlines may be extended or waived." *Id.* at 46 (citations omitted). Earlier, in *In re Na.H.*, 65 A.3d 111 (D.C. 2013), a child neglect case involving the timeliness of a motion for review of a magistrate judge's decision, this court recognized that, "[r]ecent Supreme Court decisions have sought to establish and clarify the distinction between deadlines that are truly jurisdictional and those that are more properly characterized as procedural or 'claim-processing rules.'" *Id.* at 115. We also stated that, "[u]nlike statutory deadlines that Congress intended to limit a court's jurisdiction, claim-processing rules are court-promulgated rules, adopted by the [c]ourt for the orderly transaction of its business." *Id.* at 116.

18

*Mathis v. District of Columbia Housing Auth.*, 124 A.3d 1089 (D.C. 2015), reiterated the Supreme Court's pronouncement that "[f]iling deadlines in particular are quintessential claim processing rules, which seek [only] to promote the orderly progress of litigation, and generally do not have jurisdictional force." *Id.* at 1102 (internal quotation marks and citation omitted). *Mathis* also reiterated that "[j]urisdictional rules may not be tolled, because noncompliance deprives this court of jurisdiction even to consider equitable arguments; claim-processing rules, on the other hand, may be tolled if equity compels such a result." *Id.* at 1101 (citation omitted). Moreover, "whether a timing rule should be tolled turns on whether there was unexplained or undue delay and whether tolling would work an injustice to the other party." *Id.* at 1104; *see also Brewer v. District of Columbia Office of Emp. Appeals*, 163 A.3d 799, 802 (D.C. 2017) ("Whether equitable tolling is appropriate 'is a fact-specific question that turns on [] balancing the fairness to both parties.'" (citing *Mathis, supra*, 124 A.3d at 1104) (internal quotation marks omitted).

## V.   DHCF'S MEDICAID PROGRAM REGULATIONS

The Medicaid Program regulations in Title 29, Chapter 13 of the District's Municipal Regulations are structured on the type of action to be taken by the administrative agency – for example, exclusion of Medicaid provider from reimbursement, 29 DCMR § 1301 (1984), termination of Medicaid provider agreement, 29 DCMR § 1302, notice of proposed exclusion or termination relating to § 1302, 29 DCMR § 1303, suspension for conviction of program-related offense, 29 DCMR § 1304, suspension of Medicaid payments for overpayments, 29 DCMR § 1305, suspension of Medicaid payments for overpayments – proceeding, 29 DCMR § 1306, and suspension of Medicaid payments for overpayment – evidence and notice, 29 DCMR § 1307. Noticeably absent from Title 29, Chapter 13 of the DCMR are regulations concerning the suspension of Medicaid payments due to a credible allegation of fraud and related regulations pertaining to notice, proceeding and evidence in that kind of suspension.

## VI.  ANALYSIS

We first address DHCF's argument that Vizion One "forfeited" any argument challenging the ALJ's "conclusion that the timeliness of the application for a hearing is measured from the date of the notice, rather than the date of service." We conclude that Vizion One's claim that it timely filed a request for hearing before an OAH ALJ was neither waived nor forfeited.[5] *See Tindle v. United Sates*, 778 A.2d 1077, 1082 (D.C. 2001) ("[T]he Supreme Court of the United States and this court have distinguished between 'claims' and 'arguments,' holding that although 'claims' not presented in the trial court will be forfeited (and thus subject to plain error review standard), parties on appeal are not limited to the precise arguments they made in the trial court.") (internal quotation marks omitted). As early as June 2, 2014, Vizion One challenged DHCF's statement that it would move to dismiss Vizion One's appeal, pointing out that DHCF had not yet filed proof that the March 26, 2014, letter had been mailed. The burden was on DHCF to present proof that it had properly given notice of suspension of Medicaid payments – due to a credible allegation of fraud – to Vizion One by filing a

---

[5] "[F]orfeiture is the failure to make the timely assertion of a right," and "waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal citations omitted).

21

certificate of mailing or by providing a description of its mailing procedures. *See Bobb v. Howard Univ. Hosp.*, 900 A.2d 166, 168 (D.C. 2006). Vizion One continued to assert its timeliness claim even after the ALJ issued its final order.

Although Vizion One did not make explicit arguments in this court concerning jurisdictional limitations, claim-processing rules, and equitable tolling, it implicitly broached equitable tolling in its request for reconsideration of the ALJ's final order by contending that DHCF's good cause determination should have been made prior to the suspension of Vizion One's Medicaid payments, by invoking the certificate of mailing filed by DHCF showing that the March 26 letter to Vizion One was mailed on March 31 rather than March 26, and by arguing that the March 26 letter triggered the time for filing an appeal with OAH, thus implicitly arguing that the March 31 date controlled the timing of the request for a hearing rather than the date on the March 26 letter. Furthermore, even though Vizion One did not make an explicit argument in the trial court, we have previously said that "[t]he principle that 'normally' an argument not raised in the trial court [or before an ALJ] is waived on appeal is, however, one of discretion rather than jurisdiction," especially if the "issue is purely one of law." *McClintic v.*

*McClintic*, 39 A.3d 1274, 1277 n.1 (D.C. 2012) (quoting *District of Columbia v. Helen Dwight Reid Educ. Found.*, 766 A.2d 28, 34 n.3 (D.C. 2001)).

We are confronted with a legal issue in this case, and our review is *de novo*, *Yates, supra*, 149 A.2d at 250. In that regard, we owe no deference to OAH's interpretation of DHCF's regulations. We have said previously that "OAH is a generalist body with no subject-matter expertise in the provision of health care services in the District." *Medstar Health, Inc. v. District of Columbia Dep't of Health*, 146 A.3d 360, 371-72 (D.C. 2016) (citation omitted). "OAH . . . is 'vested with the responsibility for deciding administrative appeals involving a substantial number of different agencies' and thus lacks the subject-matter expertise justifying the deference to agency interpretations of statutes or regulations." *District of Columbia Dep't of the Env't v. East Capitol Exxon*, 64 A.3d 878, 881 (D.C. 2013) (citation omitted).

In sum, (1) given our case law regarding jurisdictional limitations, claim-processing rules, and equitable tolling in administrative cases, (2) Vizion One's arguments before the ALJ, (3) the absence of DHCF regulations specifically addressing the appeals process in cases of suspension of a provider's Medicaid

payments, and (4) Vizion One's persistent claim before the ALJ and on appeal that its request for a hearing was timely, we believe that our standard of review, case law, and fairness weigh in favor of addressing the merits of the timeliness issue. In addition, this court often has reiterated "the strong judicial and societal preference for determining cases on the merits." *Abell v. Wang*, 697 A.2d 796, 800 (D.C. 1997) (citation omitted); *see also Walker v. Smith*, 499 A.2d 446, 448-49 (D.C. 1985) ("We adhere to the strong judicial policy favoring adjudication on the merits of a case.") (citations omitted).

Based on the record in this case, we first conclude that the ALJ erred by ruling Vizion One had to file its request for a hearing, in response to the February 20 letter, no later than March 14. That was error because Vizion One, acting on the information in the February 20 letter, invoked the administrative process and filed a timely submission with DHCF regarding the good cause determination that DHCF had not yet made (as revealed by the content of the February 20 letter). The applicable federal regulation. 42 C.F.R. § 455.23 (a)(1) clearly stated that a State Medicaid agency had to suspend a provider's Medicaid payments after receiving a credible allegation of fraud "unless the agency has good cause to not suspend payments or to suspend payment in part only." See *supra* note 2. DHCF's own

internal guidance discussed the process for making the good cause determination prior to issuing the suspension letter. However, it was not until its March 26 letter that DHCF stated that it had made the good cause determination and its position remained the same. Therefore, the ALJ should have used DHCF's March 26, 2014, letter to calculate the timing of Vizion One's administrative review.

Second, regardless of whether the February 20 or March 26 letter started the timing for Vizion One's administrative review process, the fifteen-day time period is an administrative-filing deadline that may be tolled. At the time the ALJ decided the timeliness issue, this court had already (1) "examine[d] the relationship between administrative-filing deadlines and jurisdictional limitations," (2) set forth legal principles for determining whether a rule is jurisdictional or a claim-processing rule, and (3) determined that "nonjurisdictional rules and deadlines may be extended or waived." *Gatewood, supra*, 82 A.3d at 46 (citations omitted). *In re Na.H., supra*, 65 A.3d at 116, clearly stated that statutory deadlines are jurisdictional limitations, but not claim-processing rules. Here, there is no statute imposing a deadline for the filing of an appeal with OAH. Therefore, in light of our prior decisions and contrary to the ALJ's conclusion, we hold that the DHCF regulations pertaining to the time for filing a request for a hearing before an OAH

ALJ, on which the ALJ relied, are "quintessential claim[-]processing rules, which seek [only] to promote the orderly progress of litigation, and generally do not have jurisdictional force." *Mathis, supra,* 124 A.3d at 1102; *see also Sebelius v. Auburn Reg'l Med. Ctr.,* 568 U.S. 145, 161 (2013) ("the 180-day [federal] statutory deadline for administrative appeals to the Provider Reimbursement Review Board is not jurisdictional"). Because DHCF's filing regulations are claim-processing rules, they may be "tolled if equity compels such a result." *Mathis, supra,* 124 A.3d at 1102; *see also Sebelius, supra,* 568 U.S. at 161-62 (the Court held that "the equitable tolling presumption approved for suits brought in court does not similarly apply to administrative appeals of the kind here considered"; however, a concurring justice declared that the Court has "never suggested that the presumption in favor of equitable tolling is generally inapplicable to administrative deadlines.") (J. Sotomayor concurring).

Here, equity compelled the tolling of the deadline for Vizion One's filing of a request for a hearing. We see no injustice that DHCF would suffer because of equitable tolling. Rather, balancing the fairness to both parties reveals a greater negative impact on Vizion One and its multi-million dollar business with over 1100 employees than on DHCF, the agency that bears the responsibility to make

the required good cause determination under 42 C.F.R. § 455.23 and its own internal policies. *See Brewer, supra*, 163 A.3d at 802. Due to the criminal behavior of several low-level employees, Vizion One experienced the sudden cessation of all income flowing from Medicaid, even though it still had obligations to clients under its care.

Third, we conclude that the ALJ erred by relying on two Medicaid program regulations that were not identified in either DHCF's letter of February 20, 2014, or March 26, 2014. The federal regulation, 42 C.F.R. § 455.23 (b)(2)(vi), clearly stated that the notice of temporary suspension of Medicaid payments due to a credible allegation of fraud "must . . . set forth the applicable [District of Columbia] administrative appeals process and corresponding citations to [District of Columbia] law." Failure to follow the federal regulation implicates the fairness of the process extended to Vizion One. Given the structure and specificity of DHCF's Medicaid regulations, discussed earlier in this opinion, a Medicaid provider could not readily determine that 29 DCMR § 1303.4 and 29 DCMR § 1307.8, on which the ALJ relied, applied to suspension of Medicaid payments due to a credible allegation of fraud.

One other aspect of the ALJ's ruling needs to be discussed briefly – the ALJ's interpretation of OAH Rule 2812.5. "[W]e owe deference to an agency's interpretation of its own regulation." *Coto v. Citibank FSB*, 912 A.2d 562, 567 n.7 (D.C. 2006). However, if an agency's interpretation is not in accordance with its regulatory language or purpose, or if it is unreasonable, we owe no deference to that interpretation. *East Capitol Exxon, supra*, 64 A.3d at 880-81. Here, the ALJ ruled that OAH's regulation providing for the addition of five calendar days to a specified time period for service is inapplicable "because [b]oth the DHCF hearing regulations [on which the ALJ relied] and the [March 26, 2014] [n]otice itself informed [Vizion One] that the hearing request must be filed within 15 days after the notice was issued." Thus, the ALJ interpreted the concluding language of OAH Rule 2812.5 – which reads "unless a statute or regulation provides otherwise" – as including language in "a letter" which references no regulation even though the plain words of the exception specify "a statute or regulation." The ALJ's interpretation is simply inconsistent with the language of OAH Rule 2812.5. Hence, we owe no deference to that interpretation, and disregarding OAH Rule 2812.5 in this case clearly would implicate the fairness of the process extended to Vizion One.

In addition, neither 29 DCMR § 1303.4 nor 29 DCMR § 1307.8 mirrors the exact language in the ALJ's ruling – "within 15 days after the notice was issued." Apparently the ALJ considered "issued" to mean the date placed on the March 26 letter, but he offered no rationale for such a conclusion.[6] Equally significant, nothing in OAH Rule 2812 even remotely suggests that another agency's rules, here the referenced DHCF rules, negate or make inapplicable OAH's rule for calculating filing request deadlines. In short, we see nothing in OAH Rule 2812 that precludes the application here of the additional five-day rule in subsection 2812.5. Reliance solely on the date of the letter as the trigger for the start of the time period arbitrarily limits the time to appeal based on when DHCF decides to

---

[6] In his order denying Vizion One's motion for reconsideration, and without the benefit of an evidentiary hearing and findings of fact, the ALJ stated:

> DHCF has apparently sent its notice to [Vizion One] by both regular mail and certified mail. The issuance date listed on the second notice was March 26, 2014, and the fact that a certified mail copy was sent on March 31, 2014[,] does not rebut any inference that the notice was mailed on its issuance date . . . [Vizion One] has not provided any evidence as to when [it] received the second notice by regular mail, which evidence could provide circumstantial evidence as to when the notice was actually mailed.

An evidentiary hearing could have answered the questions implicit in the above statement of the ALJ, particularly whether DHCF sent its March 26 letter to Vizion One twice.

date the letter, rather than on when the letter is mailed, as indicated by the certificate of mailing.

In sum, we hold that Vizion One timely appealed DHCF's temporary suspension of its Medicaid payments. Accordingly, we vacate the ALJ's order dismissing Vizion One's appeal of the suspension of its Medicaid payments (Appeal 14-AA-1023) and remand that case to the OAH for further proceedings, including an evidentiary hearing, on the merits of Vizion One's appeal.

## PART TWO: APPEAL NO. 14-AA-1024: DHCF'S TERMINATION OF VIZION ONE'S MEDICAID PROVIDER AGREEMENT

### I. FACTUAL SUMMARY

### A. DHCF's Letters of April 11, 2014, and May 23, 2014, and Vizion One's Appeal

Following its notification of continued suspension of Vizion One's Medicaid payments and "pursuant to § 1303.1 of Title 29 District of Columbia Municipal Regulations," DHCF notified Vizion One, by letter dated April 11, 2014, of its intent "to terminate the Home Health Agency Medicaid Provider Agreement

between DHCF and Vizion One [], and [to] cease reimbursement to Vizion One [] for services provided to Medicaid beneficiaries." According to the letter, the termination would be effective ninety days from the April 11th notification. The notification letter specified that "within 30 days of the date of [the letter], Vizion One "ha[d] the right to submit written argument and documentary evidence against the decision to terminate [Vizion One's] provider agreement."

Subsequently, by letter dated May 23, 2014, DCHF notified Vizion One that "effective July 15, 2014, DHCF will terminate the Home Health Agency and Elderly and Physically Disabled Waiver Medicaid Provider Agreements between DHCF and Vizion One." The letter specified that the "termination is for convenience, not for cause." Nevertheless, DHCF included in the termination for convenience notification a response to Vizion One's May 9, 2014, letter contesting DHCF's notification of its intent to terminate Vizion One's provider agreements. DHCF's letter of May 23 also advised Vizion One that it had "the right to request an appeal of [the termination decision] by filing a written request within fifteen (15) calendar days [of the termination] notice with [OAH]." Vizion One timely filed a notice of appeal with OAH on June 3, 2014.

**B. Vizion One's Pre-Hearing Brief, DHCF's Motion to Dismiss or for Summary Adjudication and Vizion One's Opposition**

At a status hearing before the ALJ on July 9, 2014, the parties discussed both appeals. Vizion One suggested that it provide the ALJ with preliminary briefing. The ALJ agreed and indicated that DHCF could lodge a responsive pleading, and thereafter a hearing would be held.

Vizion One filed a pre-hearing brief on July 29, 2014, arguing that DHCF filed its notice of termination for convenience in bad faith and in retaliation for Vizion One's legal actions against the District, in federal court.[7] Vizion One

---

[7] On May 1, 2014, Vision One filed a motion to intervene in a lawsuit in the United States District Court for the District of Columbia Court, *ABA, Inc. v. District of Columbia*; the lawsuit was brought by other providers whose health care payments had been suspended. Initially, the District Court issued a temporary restraining order that required the District to pay for Medicaid services rendered to beneficiaries. However, at the preliminary injunction phase of the litigation, the District Court dismissed the case, without prejudice, and denied Vizion One's motion to intervene "as moot." 40 F. Supp. 3d 153, 174 (D.D.C. 2014). Subsequently, on May 23, 2014, Vizion One filed a lawsuit in the District Court against the District, challenging DHCF's suspension of its Medicaid payments, as well as DHCF's termination of its provider agreement, on procedural and substantive due process grounds and challenging the applicable federal regulations as unconstitutionally vague and overbroad. The District Court stayed Vizion One's claims for monetary damages pending the outcome of these appeals. *See Vizion One, Inc. v. District of Columbia*, No. 14-883 (RMC), 2015 U.S. Dist. LEXIS 90361 (D.D.C. July 13, 2015).

asserted, in part, that DHCF "effectively destroyed" its "$46 million dollar business" by suspending provider Medicaid payments for five months while requiring Vizion One to continue operating its business. DHCF's responsive pleading, filed on August 22, 2014, was styled a motion to dismiss, or in the alternative, for summary adjudication. DHCF contended that OAH lacked jurisdiction to adjudicate claims of bad faith and retaliation, and further, that the appeal challenging the termination for convenience should be dismissed for failure to state a claim upon which relief can be granted. Vizion One's responsive opposition to DHCF's motion maintained that OAH had jurisdiction, and that it was not only asserting "a termination for convenience rooted in bad faith[,]" but "also a termination for convenience rooted in a due process violation, and effectively a de facto termination for cause." In addition, Vizion One argued that, "An interpretation of the applicable federal law and regulation that would allow DHCF to terminate providers for cause under the rubric of a termination for convenience is counter-intuitive to fundamental principles of due process and the stated intention and objectives of the governing legislation."

In response to DHCF's motion and Vizion One's opposition, the ALJ issued a final order granting summary adjudication in favor of DHCF on September 9,

2014. The ALJ determined that DHCF had interpreted OAH's jurisdiction too narrowly and that OAH has jurisdiction to adjudicate DHCF's termination of Vizion One's Medicaid provider agreement, whether the termination is for cause or for convenience. The ALJ also concluded that nothing in DCHF's regulations or otherwise establishes OAH's lack of jurisdiction over Vizion One's claim of bad faith. However, the ALJ granted DHCF's motion for summary adjudication, essentially because DHCF's termination for convenience constituted a contractual right under the provider agreement, and because Vizion One did not meet its burden of proof with respect to establishing bad faith on the part of DHCF or a violation of Vizion One's due process rights by DHCF. Vizion One filed a timely petition for review on September 12, 2014.

The ALJ issued a final order granting summary adjudication to DHCF. After determining that OAH had jurisdiction to review Vizion One's claim that DHCF acted in bad faith in terminating its Medicaid provider agreement, the ALJ considered the merits of the termination of the provider agreement for convenience. The ALJ found, in part, that the facts did not support the assertion that DHCF acted in bad faith; Vizion One did not establish that DHCF was motivated by a desire to punish Vizion One for exercising its legal rights; and

Vizion One did not present evidence showing that DHCF was motivated to drive it out of business. The ALJ also declared that Vizion One did not demonstrate that DHCF violated its due process rights. Vizion One filed a timely appeal.

## II. THE PARTIES' ARGUMENTS ON APPEAL

Vizion One primarily argues that the "termination for convenience removed protections for [Vizion One] that were clearly articulated in the federal laws, and allowed the government to effectively institute a *de facto* termination for cause by circumventing the federal statute." Vizion One contends that without an analysis of the Affordable Care Act, the ALJ "simply could not rule as a matter of law that DHCF's perceived contract rights prevailed over [Vizion One's] statutory due process rights, particularly when [DHCF] collectively terminated the specific providers who were suspected of 'credible allegations of fraud.'"

DHCF supports the ALJ's decision. It relies, in part, on the presumption that government officials act in good faith. DHCF also contends that its termination of Vizion One's Medicaid provider agreement "did not preclude Vizion One from challenging DHCF's suspension of its Medicaid Provider

payments," and that "Vizion One forfeited any right to be terminated only for cause when it agreed to the termination for convenience clause in its Medicaid Provider Agreement with DHCF." DHCF claims, in sum, that Vizion One did not present clear and convincing evidence showing that DHCF acted in bad faith.

## III. ANALYSIS

Our analysis of DHCF's termination of Vizion One's Medicaid provider agreement is governed by the following legal principles. "The standard governing proof in a case . . . based on allegations of governmental bad faith is quite high." *Urban Dev. Solutions, LLC v. District of Columbia*, 992 A.2d 1255, 1267 (D.C. 2010). "[A] party claiming that the government acted in bad faith must present a reviewing court with well-nigh irrefragable proof to that effect," or "clear and convincing evidence." *Id.* (internal quotation marks and citation omitted). "'Well-nigh irrefragable' proof . . . refers to evidence that cannot be refuted or disproved. . . ." *Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1240 (Fed. Cir. 2002). To establish bad faith, a party must present "evidence of some specific intent to injure the [petitioner]." *Urban Dev. Solutions, supra*, 992 A.2d at 1267 (citation omitted). We follow the presumption that "government

officials are presumed to act in good faith." *District of Columbia v. Kora & Williams Corp.*, 743 A.2d 682, 695 (D.C. 1999).

Here, Vizion One's provider agreement explicitly stated that "[DHCF] or the provider may terminate this Agreement for convenience by giving 90 days written notice or intent to terminate the Agreement to the party." Vizion One contractually agreed to the termination of convenience provision, and the ALJ did not err or abuse his discretion by relying on that provision and concluding that unless Vizion One could show bad faith on DHCF's part, DHCF lawfully terminated Vizion One's provider agreement.

Our review of the record in this case supports the ALJ's determination that Vizion One did not present clear and convincing evidence that DHCF was motivated by "an intent to injure" Vizion One when it invoked the termination for convenience provision of the provider agreement. As DHCF argues, Vizion One was able to continue its challenge to DHCF's suspension of its Medicaid payments, and we discern no violation of Vizion One's statutory due process rights. Moreover, we see no record evidence that DHCF used the termination for convenience clause to circumvent its obligation to prove its fraud allegation against

Vizion One. Consequently, we hold as a matter of law that Vizion One did not present "clear and convincing proof necessary to overcome the presumption that [DHCF] acted properly and in good faith." *Am-Pro Protective Agency, Inc.*, *supra*, 281 F.3d at 1243.

Accordingly, for the foregoing reasons, we affirm OAH's decision in Appeal No. 14-AA-1024, the Medicaid provider agreement termination case, but we vacate OAH's decision dismissing Appeal No. 14-AA-1023, the suspension of Vizion One's Medicaid payments case, and remand that case to OAH for further proceedings, including an evidentiary hearing, on the merits of Vizion One's appeal.

*So ordered.*